**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

RICKEY BENSON,

    Petitioner,

v.                                          Case No. 2:24-cv-2958-MSN-tmp

ANTHONY ALEXANDER, DIRECTOR,

    Respondent.

---

**ORDER GRANTING MOTION TO WAIVE FILING OF THE STATE COURT RECORD
(ECF NO. 32) AND RESPONDENT'S MOTION TO DISMISS (ECF NO. 31);
DISMISSING THE § 2241 PETITION WITHOUT PREJUDICE;
DENYING ADDITIONAL PENDING MOTIONS;
DENYING A CERTIFICATE OF APPEALABILITY;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Petitioner Rickey Benson, inmate number 204821, who is confined at the Shelby County Division of Corrections, has filed a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ( "§ 2241 Petition"). (ECF No. 2.)  The Court granted Petitioner leave to proceed *in forma pauperis*. (ECF No. 13.)  On March 21, 2025, the Court directed the Clerk to serve the § 2241 Petition and directed Respondent to file a response within twenty-eight (28) days.  (ECF No. 16.) Respondent filed a Motion to Dismiss and a Motion to Waive Requirement to File State-Court Record on June 18, 2025.  (ECF Nos. 31 & 32.)  Petitioner has not filed a response to the Motion to Dismiss, and the time for him to do so has expired.  (*See* ECF No. 31.)

Because the Court has already granted Petitioner leave to proceed *in forma pauperis* (*see* ECF No. 13), Petitioner's second motion for leave to proceed *in forma pauperis*, filed on June 6, 2025 (ECF No. 29), is **DENIED** as moot.

**FEDERAL HABEAS CLAIM**

A.      **§ 2241 Petition**

In his § 2241 Petition, Petitioner avers that Respondent "refuse[s] to give me my jail credits from 6/27/23 to 4/18/24, and from 5/3/24 to 11/12/24 (more than 16 months) that I served on my 3[]yrs. of docket #C23062-64; in which, I also earned my jail credits from 5/3/24 to 11/12/24 (more than 6 months) that I served on my 2[]yrs. of docket #C2403632."  (ECF No. 2 at PageID 10.)  Petitioner asks the Court whether his terms are consecutive and if he "deserve[s]" jail credits. (*Id.*)

Respondent seeks dismissal of the § 2241 Petition because "the claim it raises is not cognizable and because Petitioner has not exhausted state-court remedies on this claim."  (ECF No. 31 at PageID 76.)

B.      **Analysis**

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies.  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C. § 2254(b)-(c)).  The exhaustion requirement applies to prisoners who file habeas petitions challenging the execution of their sentences under § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Collins v. Million*, 121 F. App'x 628, 630–31 (6th Cir. 2005).  To exhaust a claim, the petitioner must "fairly present" his claim in each appropriate state court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  A claim has not been fairly presented to the state courts where it "has been presented for the first and only time in a procedural context in which its merits will not be considered."  *Castille v. Peoples*, 489 U.S. 346, 350 (1989).  The petitioner carries the burden of demonstrating exhaustion.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

2

A Tennessee inmate seeking to challenge the award of post-judgment sentence reduction credits, including "good time" or behavior credits, must follow the procedures set forth in the Uniform Administrative Procedures Act ("UAPA").  *State v. Lester*, No. M2016-00700-CCA-R3-CD, 2017 WL 253165, at *2 (Tenn. Crim. App. Jan. 17, 2017) (agreeing that "[t]he proper avenue to address post-judgment jail credit for prisoners is through the [Tennessee Department of Correction ("TDOC")] administratively").  Petitioner must follow the UAPA to challenge his sentence expiration date or release eligibility date.  *See Hughley v. State*, 208 S.W.3d 388, 395 (Tenn. 2006) (recognizing that "the validity of any sentence reduction credits *must* be addressed through the UAPA").  To properly exhaust a challenge to an inmate's release eligibility date, the UAPA requires that the inmate first seek a declaratory order about the sentence calculation from the TDOC.  *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012) (citing Tenn. Code Ann. § 4-5-223(a)).  If the TDOC refuses to issue a declaratory order, the inmate may seek judicial review by seeking a declaratory judgment in the chancery court of Davidson County, Tennessee.  *Id*.

Petitioner has not demonstrated that he has properly exhausted his state court remedies by seeking a declaratory order from TDOC or a declaratory judgment in chancery court.  Accordingly, for the reasons discussed above, Respondent's Motion to Waive Filing of the State Court Record (ECF No. 32) and Respondent's Motion to Dismiss (ECF No. 31) are **GRANTED**, and Petitioner's § 2241 Petition (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state remedies.

**ADDITIONAL PENDING MOTIONS**

Between January 6, 2025, and February 25, 2026, after filing his § 2241 Petition, Petitioner

filed the following pleadings seeking various forms of relief (collectively, "Additional Pending

Motions"):

1.  "Cross-Petition for a Writ of Habeas Corpus using the Original Records of the Attached Post Hearing and Appeal of Incident ID: 24-1126-017, Pursuant to the Fed. R. Civ. P. and 28 U.S.C. Section 2241."  (ECF No. 7);

2.  "Petition for Court to Intervene into Petition for Writ of Habeas Corpus for Court to Pardon and Release Petitioner on Time Served Due to Mental and Physical Illness (or Hernia) and Double Jeopardy, etc. Filed on Cases – C2306264 and C2403632 in Division 4, Criminal Court on Approx. December 2, 2024, using the Original Record of Petitioner's Petition for a Writ of Habeas Corpus for Court to Pardon and Release Petitioner, Etc., under the Fed. R. Civ. P. and the 4th and 14th Amendments."  (ECF No. 9);

3.  "Second Petition for Court Intervention on Petition for a Writ of Habeas Corpus, etc. of Div. 4, Criminal Court Case No. C23062-64 and C2403632, pursuant to the Fed. R. Civ. P."  (ECF No. 12), which Petitioner filed a duplicate copy of on March 14, 2025 (ECF No. 15);

4.  "Motion for Petitioner's Reply to Respondent's Answer/Response to 2241 Petition due to 3/21/25 Order (Document: 16) (sic) with Motion for Preliminary Injunctive Relief for Court to Order Director to Transfer Petitioner to Special Need[s] Facility of the T.D.O.C. due to Imminent Danger of Serious Physical Harm by Director/Subordinates under the F.R.C.P./F.R.C.P. 65."  (ECF No. 21);

5.  "Motion to Allege Second Further Violations and Imminent Danger to Support Motion for Injunction (sic) Relief under F.R.C.P. 65."  (ECF No. 27);

6.  "Motion to Allege Further Civil and Constitutional Violations to Support Motion for Injunctive Relief (Document: 21) (sic) under F.R.C.P. 65." (ECF No. 28);

7.  "Motion to Enjoin Crossclaim and Requested Monetary Relief Against Add on Respondent (Judge Carolyn Wade Blackett of Crim. Ct. Div. 4) under the F.R.C.P. and the 1st, 4th, 6th, 7th and 14th Amendments."  (ECF No. 30);

8.  "Cross-Petition for a Writ of Habeas Corpus for Court Intervention on Four (4) Disciplinary Incidents that Occurred on and before Mar. 10, 2025 due to Hearings by Hearing Staff (Burton 14164) on 6/13/25; and to Support Injunctive Relief of the Above-Styled Case under F.R.C.P./F.R.C.P. 65."  (ECF No. 33);

9.    "Motion for Declaratory Judgment on Whether Petitioner's 3 yr. Sentence of Crim. Ct., No. 23-06264 and 2 yr. Sentence of Crim. Ct., No. 24-03632 of the Above-Styled Case should be Concurrent; and Motion for Declaratory Judgment on Petitioner's Motion to Enjoin Crossclaim and Requested Monetary Relief against Add on Respondent (Judge Carolyn Wade Blackett of Crim. Ct. Div. 4) under the F.R.C.P." (ECF No. 34);

10.    "Motion to Allege Further Violations of Cross-Petition for a Writ of Habeas Corpus for Court Intervention on Four (4) Disciplinary Incidents that Occurred on and before 3/10/25 due to Hearings by Hearing Staff (Burton 14164) on 6/13/25, and to Support Injunctive Relief of Case under the FRCP/FRCP 65." (ECF No. 35);

11.    "Cross Petition for a Writ of Habeas Corpus for Court Intervention on Disciplinary Incident: 25-0609-717 by Ofc. C. McKinnie of Document (sic) of USDC, No. 25-02638, and to Support Injunctive Relief under the FRCP/FRCP 65." (ECF No. 37);

12.    "Cross Petition for Writ of Habeas Corpus for Court Intervention on Disciplinary Incidents: 25-0817-319 by Ofc. Y. Fletcher of Case: 25-02103; and 25-0818-326 by Ofc. C. McKinnie of Case: 25-02638; and to Support Injunctive Relief under the Fed. R. Civ. P./Fed. R. Civ. P. 65." (ECF No. 38);

13.    "Cross Petition for a Writ of Habeas Corpus for Court Intervention on Disciplinary Incident: 25-0826-438 by Ofc. C. McKinnie of Document: 5 (sic) of USDC, No. 25-02638; and to Support Injunctive Relief under the Fed. R. Civ. P. / Fed. R. Civ. P. 65." (ECF No. 39);

14.    "Motion to Allege Second Further Violations and Imminent Danger to Support motion for Injunction (sic) Relief under F.R.C.P. 65." (ECF No. 40);

15.    "Motion for Relief from any Order Dismissing Motion for Injunction (sic) Relief with Requested Relief for Monetary Damages due to Confiscation of Attached Motion to Allege 2nd Further Violations and Imminent Danger to Support Motion for Injunction (sic) Relief of this Case due to Inculpatory Evidence under FRCP and Fed. R. of Evid.; and Motion to Acknowledge to the Court that this Case is not on Appeal under the FRCP." (ECF No. 41);

16.    "Motion to Allege Further Civil Rights Violations to Support Documents: 2, 7, 9, 12, 15, 21, 27, 28, 33, 35, etc., pursuant to FRCP 65." (ECF No. 42);

17.    "Motion for Discovery to Support Cross-Petitions for a Writ of Habeas Corpus for Court Intervention on Disciplinary Incidents: 25-0817-319 by Ofc. Y. Fletcher of Case: 25-02103 and 25-0818-326 and 25-0826-438 by Ofc. C. McKinnie of Document: 5 (sic) of USDC, No. 25-02638, etc., pursuant to the FRCP/FRCP 65." (ECF No. 44);

18.     This is a duplicate filing of ECF No. 44, except that this copy includes attachments of disciplinary and hearing reports.  (ECF No. 45);

19.     "Motion for Court to Intervene into Petitioner not Receiving Food of Indigent Package on 10/08/25 after Letter was Sent to Respondent as Stated in Motion for Discovery to Support Documents: 2, 7, 9, 12, 15, 21, 27, 28, 33, 35, etc. on 9/22/25, pursuant to the F.R.C.P./F.R.C.P. 65."  (ECF No. 46);

20.     "Motion for Judge MSN to Appoint Administrative Office of the U.S. Courts to Intervene into Three (3) Crossclaims due to Violations of Cases of Three (3) Crossclaims by Judge Samuel H. Mays, Jr., pursuant to the Fed. R. Civ. P. and the Rules of the Judicial Conference of the U.S. Courts."  (ECF No. 47);

21.     "Motion to Enjoin Crossclaim, Additional Respondents and Requested Relief to Motion to Allege Further Civil Rights Violations to Support Documents: 2, 7, 9, 12, 15, 21, 27, 28, 33, 35, etc. with Motion for Court to Order Respondent to Submit Video Footages of Petitioner's Movements on 10/22/25 @ [sic] 1148 hrs and 10/26/25 @ [sic] 1030 hrs under the F.R.C.P./F.R.C.P. 65, 28 U.S.C. Section 2241 and 42 U.S.C. Section 1983.") (ECF No. 48);

22.     "Motion to Enjoin 2nd Crossclaim Additional Respondents and Requested Relief to Document: 42 (sic) with Motion for Court to Order Director to Submit Video Footages of Petitioner's Movements on 10/22/25 @ [sic] 1148 hrs and 10/26/25 @ [sic] 1030 hrs under the F.R.C.P./F.R.C.P. 65 and 28 U.S.C. Section 2241."  (ECF No. 49);

23.     "Motion to Enjoin Crossclaim, Additional Respondents and Requested Relief to Support Documents: 9, 12, 15, and 34 under the Fed. R. Civ. P. and 28 U.S.C. Section 2241."  (ECF No. 50);

24.     "Motion to Enjoin 3rd Crossclaim and Requested Relief of Document: 42; and Motion for Court/Federal Intervention on Petitioner being Force (sic) to Jump Up and Down on the Top Bunk in J-A-13 Cell after Petitioner's Surgery on Hernia on 11/10/25 up until Date under the 8th Amendment, Fed. R. Civ. P. and 28 U.S.C. Section 2241."  (ECF No. 51);

25.     "Motion to Enjoin 1st and 2nd Crossclaims to Motion to Enjoin Petition for a Writ of Right for Court to Order Respondent to Order Subordinates (Legal Mail Personnel, Counselor and Officer of Law Library) to Make Copies of Petitioner's Legal Papers Once a Week due to Lawsuits against Respondent and Others in State/Federal Courts under the F.R.C.P. and the 1st, 4th, and 14th Amendments pursuant to 28 U.S.C. Section 2241, etc." (ECF No. 52);

26.     "Motion to Enjoin Petition for a Writ of Right for Court to Order Respondent to Order Subordinates such as: Legal Mail Personnel, Counselor and Officer of Law Library to Make Copies of Petitioner's Legal Papers Once a Week due to

Petitioner's Lawsuits against Respondent and Others in State and Federal Courts under the F.R.C.P. and the 1st, 4th and 14th Amendments." (ECF No. 53);

27. "Motion for Court/Federal Intervention on the Respondent(s) (sic) Conspiracy to Deprive Petitioner of Constitutional Rights of Access to the Courts by Depriving Petitioner of Copies of Legal Papers to the U.S. Courts under the Fed. R. Civ. P., 1st, 4th and 14th Amendments pursuant to 28 U.S.C. Section 2241." (ECF No. 55); and

28. "Petition for the Court to Intervene into the Petitioner's Application for Permission to Appeal in the Tennessee Supreme Court under Rule 11 of the Tennessee Rules of Appellate Procedure." (ECF No. 56.)

In the Additional Pending Motions and other filings, Petitioner alleges claims about his state court sentence, his disciplinary actions, and civil rights claims seeking monetary or injunctive relief based on his state court proceedings and conditions of confinement—not about the fact or duration of his confinement.

Yet, Petitioner initiated this matter by filing a petition seeking to seek relief under 28 U.S.C. § 2241, (ECF No. 2 at PageID 9), which provides relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). A petition under § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). An incarcerated state prisoner may use § 2241 to challenge the execution of a sentence or the manner in which a sentence is being served, or to raise claims generally pertaining to the computation of parole or sentencing credits. *See Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896 (6th Cir. 2005); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001); *but see Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (noting that "there exists some question whether state prisoners may *ever* proceed under § 2241").

"However, habeas is not available to review questions unrelated to the cause of detention. The sole function for a habeas action is to grant relief from unlawful imprisonment or custody, and

7

it cannot be used properly for any other purpose." *Swafford v. Corr. Corp. of Am., Inc.*, No. 1:08-cv-202, 2008 WL 4646086, at \*1 (E.D. Tenn. Oct. 17, 2008) (citation omitted). Petitioner's various Additional Pending Motions seek relief or review for issues unrelated to the cause of his detention.

### A.      Civil Rights Claims

First, Petitioner alleges civil rights violations and seeks injunctive relief, monetary damages, and transfer to a special needs facility. (ECF No. 21, 27, 28, 30, 33, 38–42, 46–49, 51–53, & 55.) Petitioner's Additional Pending Motions contain civil rights claims for a variety of issues, including his medical care, conditions of confinement, and indigent package[s]" (*see, e.g.*, ECF Nos. 39, 46); cruel and unusual punishment and medical treatment (ECF No. 40)

The relief sought by Petitioner concerning the conditions of his confinement is not cognizable in a habeas corpus action.[1] (*See* ECF Nos. 21, 27, 28, 30, 33, 38, 39, 40, 41, 42, 46, 47, 48, 49, 51, 52, 53 & 55.) Challenges to the conditions under which an inmate is confined along with requests for monetary and injunctive relief are properly brought as civil rights claims under 42 U.S.C. § 1983, rather than as habeas claims under 28 U.S.C. § 2241. Accordingly, Petitioner's motions that assert civil rights claims (ECF Nos. 21, 27, 28, 30, 33, 38, 39, 40, 41, 42, 46, 47, 48, 49, 51, 52, 53 & 55) are **DENIED**.

In addition, Petitioner is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* ("PLRA"). Petitioner has been declared a vexatious litigant and

---

[1] "[W]here a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). Petitioner's conditions of confinement allegations do not rise to this level.

has been admonished for filing baseless motions that waste the Court's resources with his repetitive filings. (*See, e.g., Benson v. Healthcare Staff of Shelby Cnty. Crim. Justice Ctr.*, Case No. 2:23-cv-02510 (W.D. Tenn.), ECF No. 40 at PageID 125.) Petitioner is again warned that, if he continues to file baseless motions in this § 2241 proceeding, the Court will order that all of his motions be summarily denied and may impose additional sanctions, including a monetary fine.

**B.    State Disciplinary Proceedings**

State disciplinary proceedings involving the loss of sentencing credits may be properly brought in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 487–92 (1973). "The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003).

Petitioner attempts to have the Court intercede in his state disciplinary actions, but those claims are not properly before the Court because they do not relate back to the claims in his § 2241 Petition. (*See* ECF Nos. 2, 7, 33, 35, 37, 38, 39, 44, & 45.) Leave to amend the § 2241 Petition to add these unrelated claims is **DENIED**. Petitioner's original allegations contend that he was not given jail credits for the time periods from June 27, 2023, through April 18, 2024, and from May 3, 2024, through November 12, 2024. (ECF No. 2 at Page ID 2.) To the extent Petitioner seeks review of state disciplinary actions and to have his good time credits restored, (*see* ECF Nos. 7, 33, 35, 37–39, 44 & 45), he must file a new § 2241 petition and pay the habeas filing fee.)

Petitioner's motions asserting claims for state disciplinary actions that are unrelated to original allegations in his § 2241 Petition (ECF Nos. 7, 33, 35, 37, 38, 39, 44 & 45) are **DENIED**.

C.    **Other Miscellaneous Claims**

Petitioner's state-court habeas appeal is currently pending before the Tennessee Supreme Court.[2] Petitioner asks the Court to "intervene" pursuant to "double jeopardy" and the Fourth and Fourteenth Amendments and to "pardon and release him" due to his mental and physical illnesses. (ECF No. 9.) This Court has no ability to release Petitioner from state custody based on mental or physical illness. But Petitioner has an avenue for relief. After the exhaustion of his state court remedies, he may seek relief under 28 U.S.C. § 2254 for any alleged constitutional violations.

Here, though, Petitioner has not alleged facts supporting a constitutional claim. (*See* ECF No. 9.) Instead, he appears to allege various ineffective assistance of counsel claims that are not proper in a § 2241 proceeding. (*See* ECF Nos. 12, 15 & 56.) But again, Petitioner may later seek relief for these issues under 28 U.S.C. § 2254.

Finally, Petitioner appears to challenge his state sentencing calculation, his underlying conviction and to seek monetary relief for various violations of his civil rights. (*See* ECF Nos. 34 & 50.) A new claim challenging his state sentencing calculation is unrelated to his original petition (ECF No. 2), so it must be alleged in a new § 2241 proceeding. A challenge to Petitioner's underlying conviction is also not cognizable in a § 2241 proceeding and must be brought pursuant to 28 U.S.C. § 2254. And, again, Petitioner's claims seeking monetary relief and alleging violations of his civil rights must be brought in a civil rights action pursuant to § 1983.

Petitioner's motions (ECF Nos. 9, 12, 15, 34, 50 & 56) are **DENIED**.

---

[2]    *See* Tennessee Courts, Appellate Case Search: Rickey Benson, https://pch.tncourts.gov/CaseDetails.aspx?id=93855&Party=True (last accessed Mar. 19, 2026).

## **APPELLATE ISSUES**

The Court is required to evaluate the appealability of its decision dismissing a habeas petition and will issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)-(2); *see* Fed. R. App. P. 22(b).  The Sixth Circuit has determined that a COA is required to for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254."  *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "[A] COA does not require a showing that the appeal will succeed."  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling dismissing the § 2241 Petition for failure to exhaust.  Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a COA.

To appeal *in forma pauperis* in a § 2241 proceeding, the Petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the

district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the Petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**, this 20th day of March, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).